UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LARKEN ALEXANDER, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:14CV748 SNLJ |
| 3D STAR INSURANCE SERVICES, et al., | ) |
| Defendants, | ) |

**MEMORANDUM AND ORDER**

Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5, for alleged race discrimination in the workplace. Under 28 U.S.C. § 1915(e), the Court is required to review any case filed in forma pauperis and to dismiss it if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. Having reviewed the case, the Court finds that plaintiff's claims are barred by Title VII's exhaustion requirements.

Plaintiff brings this action against 3D Star Insurance and Denise Dockendorf.[1] Plaintiff worked in housekeeping for 3D one day per week. Plaintiff alleges that he was unlawfully terminated in February 2012 because of his race, African-American. Attached to plaintiff's complaint is a copy of an Equal Employment Opportunity Commission ("EEOC") right-to-sue letter, as well as his charge of discrimination filed with the EEOC. He filed his charge of discrimination on January 24, 2014, nearly two years after he was discharged.

---

[1] Title VII provides a remedy only against an "employer." The Eighth Circuit Court of Appeals has held that "supervisors may not be held individually liable under Title VII." Bonomolo-Hagen v. Clay Central-Everly Community School District, 121 F.3d 446, 447 (8th Cir. 1997) (citing Spencer v. Ripley County State Bank, 123 F.3d 690, 691-92 (8th Cir. 1997) (per curiam)); see Bales v. Wal-Mart Stores Inc., 143 F.3d 1103, 1111 (8th Cir. 1998).

"[T]o initiate a claim under Title VII a party must timely file a charge of discrimination with the EEOC and receive a right-to-sue letter." Stuart v. General Motors Corp., 217 F.3d 621, 630 (8th Cir. 2000). Plaintiff was required to file his charge of discrimination with the EEOC (or with the Missouri Commission on Human Rights ("MCHR")) within 300 days of the allegedly discriminatory occurrence. See 42 U.S.C. § 2000e–5(e)(1) (providing for such a period where claims are filed with "a State or local agency with authority grant or seek relief from such practice or to institute criminal proceedings with respect thereto . . ."); see also Holland v. Sam's Club, 487 F.3d 641, 643 & n. 3 (8th Cir.2007) (holding that the MCHR is such an agency per Mo. Rev. Stat. § 213.030). Title VII plaintiffs are required to exhaust their administrative remedies with the EEOC, or the comparative state agency, before bringing a formal action. Tyler v. Univ. of Ark. Bd. of Trs., 628 F.3d 980, 989 (8th Cir.2011); Harris v. P.A.M. Transp., Inc., 339 F.3d 635, 638 (8th Cir.2003) (failure to exhaust administrative remedies requires dismissal of ADA action, precluding plaintiff from obtaining review of his ADA claim); Malone v. Ameren UE, No. 4:09CV00053, 2010 U.S. Dist. LEXIS 18611, at *6, 2010 WL 750075 (E.D. Mo. Mar. 2, 2010) (dismissing plaintiff for failure to exhaust his administrative remedies with respect to his claims of gender and disability discrimination). "Exhaustion of administrative remedies is central to Title VII's statutory scheme because it provides the EEOC the first opportunity to investigate discriminatory practices and enables it to perform its roles of obtaining voluntary compliance and promoting conciliatory efforts." Williams v. Little Rock Mun. Water Works, 21 F.3d 218, 222 (8th Cir.1994) (citing Patterson v. McLean Credit Union, 491 U.S. 164, 180–81, 109 S. Ct. 2363, 105 L.Ed.2d 132 (1989)). To exhaust administrative remedies an individual must: (1) timely file a charge of discrimination with the EEOC setting forth the facts

and nature of the charge and (2) receive notice of the right to sue. 42 U.S.C. § 2000e-5(b), (c), (e).

The complaint alleges that the discriminatory termination occurred in February 2012. Assuming the allegations in favor of plaintiff, the charge of discrimination was filed outside the permissible 300-day period. Therefore, plaintiff's Title VII claims are time-barred and subject to dismissal for failure to timely exhaust administrative remedies. See Myers v. Vogal, 960 F.2d 750, 751 (8th Cir. 1992) (sua sponte dismissal of affirmative defenses).

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice.

An Order of Dismissal will be filed separately.

Dated this 16th day May, 2014.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE